[Cite as *Colville v. Messenger*, 2026-Ohio-2661.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

PRISCILLA COLVILLE,

        Plaintiff-Appellee,

  - vs -

BRIAN MESSENGER, et al.,

        Defendants,

LARRY BEDE,

        Defendant-Appellant.

CASE NO. 2025-L-146

Civil Appeal from the
Court of Common Pleas

Trial Court No. 2024 CV 000704

---

## OPINION AND JUDGMENT ENTRY

Decided: July 13, 2026
Judgment: Affirmed

---

*Scott R. Stefl*, 1970 Hubbard Road, Madison, OH 44057 (For Plaintiff-Appellee).

*James L. Hardiman*, 3615 Superior Avenue, Suite 3101-D, Cleveland, OH 44114 (For Defendant-Appellant).

MATT LYNCH, P.J.

{¶1} Defendant-appellant, Larry Bede, appeals from the trial court's judgment adopting the magistrate's decision that granted default judgment in favor of plaintiff-appellee, Priscilla Colville. We affirm.

{¶2} On May 16, 2024, Colville filed a complaint in the Lake County Court of Common Pleas seeking judgment against Bede for breach of contract and

misrepresentation/fraud.[1]  Colville alleged that she had entered into an agreement to purchase real property via Bede, the property owners' "attorney in fact."  Colville further alleged that Bede failed to disclose many defects with the premises; misrepresented the condition of the premises; and hid or concealed many of the defects with the premises, all of which were material to her decision to buy the home and upon which she reasonably relied to her detriment.  Specifically, Colville claimed there were "numerous leaks, the dishwasher did not work, the toilets would not flush, there were termites in the wood above the fireplace and bathroom, black mold throughout, the furnace was defective and most of the plumbing pipes were inadequate or damaged, and the wiring in the garage was defective."  Colville requested $79,300.00 in compensatory damages and $210,000.00 in punitive damages.

{¶3}   The docket reflects that on May 17, 2024, the clerk of court sent the summons and complaint by certified mail to Bede at the address listed on the complaint: 442 East Main St., Geneva, Ohio 44041 ("East Main").  The certified mail was returned "unclaimed."  On December 10, 2024, the clerk served Bede by ordinary mail at the East Main address.  Proof of service was filed by the clerk on that date.  The ordinary mail envelope was never returned to the court as undeliverable.[2]

{¶4}   Bede did not answer or otherwise respond to the complaint.  He did, however, appear at a case management conference via telephone on January 15, 2025.

---

1. Colville also filed suit against Robert and Sharon Bede (property owners), Brian Messenger (realtor), David Range (inspector), and Hearth and Home Inspections, LLC (inspection company).  Colville dismissed her claims against Messenger without prejudice; the claims were deemed time-barred against Range and Hearth and Home Inspections, LLC; and the court dismissed the case with prejudice against Robert and Sharon Bede, as service had not been perfected against them.

2. During this period, Colville also attempted to serve Bede at a second address that was not listed on the complaint.  The certified mail was returned "not deliverable as addressed; unable to forward."

Case No. 2025-L-146

{¶5}   On April 30, 2025, Colville filed a motion for default judgment against Bede. The trial court referred the matter to the magistrate for a hearing on the motion, including a hearing on damages, noting that Bede was duly served with the complaint by ordinary mail on December 10, 2024.

{¶6}   After a hearing on damages, the magistrate issued a decision on July 21, 2025.  The magistrate found that Bede was provided notice of the hearing but failed to appear; Colville appeared with counsel.  Due to Bede's failure to answer the complaint, the magistrate found that Bede admitted to engaging in fraudulent concealment or misrepresentation in the sale of the real property, and that Colville's testimony supported this finding.[3]  The magistrate further found that Colville presented competent, credible evidence of the following repairs: $3,800.00 for installation of a new garage door; $800.00 for landscaping; $61,981.84 for other repairs to the home.  The magistrate also found that Colville purchased the property for $180,000.00 and sold it for $160,000.00, losing $20,000.00 even after making the repairs.  The magistrate concluded that Colville should be compensated beyond the costs of repairs, but only for an amount that did not exceed the original demand of the complaint.  Accordingly, the magistrate recommended that default judgment be rendered against Bede in the amount of $79,300.00 plus court costs.

{¶7}   Bede filed two objections to the magistrate's decision: (1) the trial court lacked jurisdiction because he was never served with process; (2) Colville's military affidavit was deficient.  Bede did not provide a transcript of the proceedings before the magistrate, but the court found a transcript was not required under Civ.R. 53(C)(3)(b)(iii) because Bede did not object to any of the magistrate's factual findings.

---

3. The magistrate did not address Colville's breach of contract claim due to the "as is" clause in the Residential Purchase Agreement, citing *Kess v. Khan*, 2023-Ohio-2773, ¶ 33 (8th Dist.).

Case No. 2025-L-146

{¶8}     In response to Bede's objections, Colville submitted an affidavit of David Virant, dated September 10, 2025, who averred that he is the owner of the real estate located at 442 East Main Street, Geneva, Ohio, which is a rental property that Bede had occupied for approximately five years. Virant further averred, "He [Bede] was absolutely living at the premises in December 2024. I filed to have Mr. Bede evicted on 5-28-25 and was granted restitution on 6-30-25." Colville also submitted a copy of the online docket in the eviction case, which lists the East Main address as Bede's address of record.

{¶9}     Bede responded with his own affidavit, dated September 28, 2025, in which he averred that he "is aware of the fact that service of the summons and complaint was attempted at his former residence located at 442 East Main Street, Geneva, Ohio by certified and ordinary U.S. Mail" but that he "does not reside at that location which may have accounted for him not receiving the summons and complaint from the Court."

{¶10}   The trial court overruled Bede's objections to the magistrate's decision, adopted the magistrate's decision in full, granted Colville's motion for default judgment, and entered default judgment against Bede in the amount of $79,300.00 plus court costs. In relevant part, the court held as follows:

> Bede first argues this Court lacks personal jurisdiction over him because he was never properly served. In recommending that the motion for default judgment be granted, the magistrate did not make any conclusions or findings regarding service. Rather, the magistrate relied on this Court's previous finding that Bede had been duly served. (See Journal Entry, May 1, 2025) Regardless, Plaintiff first requested service by certified mail at 442 East Main Street, Geneva, OH ("East Main Street"). The certified mail to that address was not returned until December 3, 2024, but it was returned with an endorsement that the mail was unclaimed. On December 10, 2024, Plaintiff properly requested service by regular mail pursuant to Civ.R. 4.6(D). Under that rule, service was deemed complete on December 10, 2024, the date the Clerk filed the certificate of mailing. The docket does not indicate that regular mail sent to the East Main Street address was returned to the Clerk as undelivered.

Case No. 2025-L-146

In her supplemental response to the objections, Plaintiff presented an affidavit of the property owner of the East Main Street property. The owner stated that Bede had occupied the rental property for five years prior to being evicted in June 2025. The owner further stated that he Bede was 'absolutely living' at the property in December 2024. In response, Bede provided his own affidavit saying he 'does not reside' at the East Main Street address. The affidavit does not expressly state Bede did not reside there in 2024. Even if it did, the affidavit would conflict with the affidavit of the property owner, a person with no interest in this case. Based on the arguments and evidence provided by the parties, the Court finds the East Main Street address was reasonably calculated to apprise Bede of the lawsuit. Thus, to the extent the magistrate made a conclusion or finding regarding service, Bede's objection is overruled.

{¶11} This appeal followed. Bede asserts four assignments of error, each of which relates to his contention that the trial court lacked personal jurisdiction over him because he was never served with the complaint and summons in this matter:

[1.] There was insufficient evidence to support the trial court's finding that appellant was actually served with process and that the court had personal jurisdiction.

[2.] Appellant's sworn affidavit that he never received process was uncontradicted and the trial court's finding that service was perfected constituted an abuse of discretion.

[3.] Appellant established that service of process was not received at 442 East Main Street, based on the Informed Delivery Service.

[4.] The confusion over service demands a remand for appellant to pursue his options under Civ.R. 60(B).

{¶12} "Personal jurisdiction is a question of law that appellate courts review de novo." *Kauffman Racing Equip., L.L.C. v. Roberts*, 2010-Ohio-2551, ¶ 27.

{¶13} A judgment rendered without personal jurisdiction over a defendant is void. *Whitright v. Whitright*, 2019-Ohio-326, ¶ 13 (11th Dist.), citing *State ex rel. Ballard v. O'Donnell*, 50 Ohio St.3d 182, 183-184 (1990). A court acquires personal jurisdiction

Case No. 2025-L-146

over a defendant by service of process.[4] *Maryhew v. Yova*, 11 Ohio St.3d 154, 156 (1984). "When a court lacks personal jurisdiction over a defendant as a result of deficient service, that defendant is entitled to have the judgment vacated and need not satisfy the requirements of Civ.R. 60(B)." *Famageltto v. Telerico*, 2013-Ohio-3666, ¶ 11 (11th Dist.), citing *Ballard* at paragraph one of the syllabus.

{¶14} Civ.R. 4.1 allows service of process to be completed by certified mail, personal service, or residence service. Where service by certified mail was attempted but returned unclaimed, Civ.R. 4.6(D) permits service to be made by ordinary mail and provides that "[s]ervice shall be deemed complete when the fact of mailing is entered of record, provided that the ordinary mail envelope is not returned by the postal authorities with an endorsement showing failure of delivery." "Pursuant to the foregoing rule, service is effective when the fact of mailing is entered on the record, unless the ordinary mail envelope is returned undelivered." *Cappellino v. Marcheskie*, 2008-Ohio-5322, ¶ 15 (11th Dist.). Where the ordinary mail envelope is not returned undelivered, "a presumption arises that proper service has been perfected, as long as the ordinary mail was sent to an address where there is a reasonable expectation that it will be delivered to the defendant." *Id.* "Nonetheless, this presumption is rebuttable where the defendant presents sufficient evidence that service was not properly perfected." *Id.*

{¶15} Relevant to the circumstances presented in this case, the presumption that proper service has been perfected may be rebutted where the defendant makes an uncontradicted sworn statement that he did not reside at the address to which process

---

4. Personal jurisdiction may also be acquired by "the voluntary appearance and submission of the defendant or his legal representative, or by certain acts of the defendant or his legal representative which constitute an involuntary submission to the jurisdiction of the court." *Maryhew* at 156. Proper service of process is the issue in this appeal.

Case No. 2025-L-146

was sent or that he did not receive service of the complaint at that address; it is then incumbent upon the plaintiff to produce evidence demonstrating that the defendant did receive service or did reside at that address. *See id.* at ¶ 16-17; *see also Hook v. Collins*, 2017-Ohio-976, ¶ 15 (8th Dist.).

{¶16} Here, it is undisputed that Colville's attempt to serve Bede by certified mail at the East Main address failed, because the certified mail envelope was returned to the court as unclaimed. Thereafter, upon request, service was reissued to Bede by ordinary mail at the East Main address. The fact of mailing was entered on the record on December 10, 2024, and the ordinary mail envelope was not returned to the court with an endorsement showing failure of delivery. Therefore, there is a rebuttable presumption that service was perfected in accordance with Civ.R. 4.6(D).

{¶17} In an effort to rebut this presumption, Bede submitted an affidavit in which he swears that "he never received a summons or complaint in the case" and that he "*does not* reside at" the East Main address. (Emphasis added.) Notably missing from this affidavit, however, is any averment that he *did not* reside at the East Main address at the time service was attempted in this case. Thus, Bede's affidavit merely reflects that he was not residing at that address on September 28, 2025, and is insufficient to rebut the presumption that service was perfected by ordinary mail on December 10, 2024. Bede also submitted "informed delivery service" emails dated December 12 through December 16, 2024, to support his contention that, even if the summons and complaint was sent by ordinary mail, it was never delivered or received. This exhibit is unauthenticated and unpersuasive. Moreover, Colville produced evidence, by way of the property owner's

Case No. 2025-L-146

affidavit, demonstrating that Bede *did* reside at the East Main address at the time service was attempted.

{¶18} Accordingly, there was sufficient evidence to support the trial court's finding that service of process was made in a manner reasonably calculated to apprise Bede of the lawsuit and in accordance with the civil rules. Thus, the trial court had personal jurisdiction over Bede, and because Bede failed to respond to the complaint or appear at the hearing before the magistrate, the trial court properly adopted the magistrate's decision granting default judgment in favor of Colville.

{¶19} Bede's assignments of error are overruled.

{¶20} The judgment of the Lake County Court of Common Pleas is affirmed.


JOHN J. EKLUND, J.,

ROBERT J. PATTON, J.,

concur.

Case No. 2025-L-146

# JUDGMENT ENTRY

For the reasons stated in the opinion of this court, appellant's assignments of error are without merit.  It is the judgment and order of this court that the judgment of the Lake County Court of Common Pleas is affirmed.

Costs to be taxed against appellant.

_____
PRESIDING JUDGE MATT LYNCH

_____
JUDGE JOHN J. EKLUND,
concurs

_____
JUDGE ROBERT J. PATTON,
concurs

---

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

---

Case No. 2025-L-146